IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| El Bey Oaxaco, <br><br> Plaintiff, <br> v. <br><br> Focus Receivables Management, LLC, <br><br> Defendant. | Case No. 4:14-cv-00825 ODS |

**DEFENDANT FOCUS RECEIVABLES' MANAGEMENT, LLC'S SUGGESTIONS IN REPY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERANTIVE, MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant Focus Receivables Management, LLC ("Focus") and hereby submits its suggestions in reply to Plaintiff's opposition to Defendants' motion for judgment on the pleadings or, in the alternative, motion for summary judgment and states as follows:

Put simply, Plaintiff fails to provide any factual or legal basis why this Court should not grant Focus' Motion (Docs. 7 & 8). Focus will keep their Suggestions in Reply brief in light of Plaintiff's wholly deficient Opposition (Doc.9) ("Opposition"). Plaintiff's Opposition does not present a substantive response to the facts and law established in Focus' Motion. Similarly, Plaintiff fails to provide this Court with sufficient evidence to establish the existence of the essential elements of his claim, on the basis of which the finder of fact could reasonably decide the case in his favor. For instance, he has not argued that he did not have a home equity loan with Bank of

101369305 v.1

America, which is the account on which Focus was assigned to collect on at the time Plaintiff's credit report was obtained. (Doc. 8, Exhibit A, Affidavit of Steven Koepke, ¶¶ 1, 2 & 3).

Rather, Plaintiff erroneously asserts in conclusory fashion that Focus has not shown any evidence of a permissible purpose to obtain Plaintiff's consumer credit report. However, Focus submitted the affidavit of its Chief Compliance Office, Steven Koepke, establishing that Focus was assigned to collect on a home equity debt Plaintiff owed to Bank of America at the time Focus obtained the Plaintiff's credit report. (Doc. 8, Exhibit A, Affidavit of Steven Koepke, ¶¶ 1, 2 & 3). In addition, Focus cited a wealth of case law establishing that it had a permissible purpose when Focus obtained the credit report of Plaintiff in conjunction with its effort to collect on the aforementioned consumer credit transaction involving Plaintiff. 15U.S.C. § 1681b(A)(3)(a). Plaintiff did not cite any facts or law in support of his conclusory Opposition.

Plaintiff's claims under the Missouri Merchandising Practices Act ("MMPA") and RSMo. § 507.223 are both contingent on a violation of the Fair Credit Reporting Act. Without a violation of the FCRA, there are no violations of the MMPA or RSMo. § 507.223. In addition, Plaintiff fails to independently meet the elements of these claims.

Furthermore, Plaintiff failed to respond to Focus' Statement of Uncontroverted Facts (Doc. 8) and, therefore, Focus respectfully requests that this Court find those facts are uncontroverted. Finally, despite Plaintiff's assertions to the contrary, Focus' Motion is properly and timely filed pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure.

2

101369305 v.1

Case 4:14-cv-00825-ODS   Document 10   Filed 12/01/14   Page 2 of 4

WHEREFORE, Focus Receivables Management, LLC prays the Court find Plaintiff has failed to state a claim for which relief may be granted, and that there are no genuine issues of material fact, Focus is entitled to judgment as a matter of law, and construing the evidence in a light most favorable to the Plaintiff, reasonable minds could reach but one conclusion, which is adverse to Plaintiff, and dismiss this action with prejudice or, in the alternative enter judgment in Focus' favor and for such other and further relief as the Court may deem just, proper and equitable.

Respectfully Submitted,

/s/ Paul Croker
Paul Croker MO #57000
Wallace Saunders
10111 West 87th Street
Overland Park, KS 66212
pcroker@wallaceSaunders.com
913-888-1000 (telephone)
913-888-1065 (facsimile)

*Attorneys for Defendant*
*Focus Receivables Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2014, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system, at the address of counsel noted below. Parties may access this filing through the court's system. A true copy was also sent via ordinary U.S. Mail, postage prepaid this 1st day of December, 2014 to:

El Bey Oaxaco
2020 Cleveland Avenue
Kansas City, MO 64127

/s/ Paul Croker
Paul M. Croker