## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

El Bey Oaxaco,

    Plaintiff,

v.

Focus Receivables Management, LLC,

    Defendant.

Case No. 4:14-cv-00825 ODS

**DEFENDANT FOCUS RECEIVABLES' MANAGEMENT, LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING OF DECLARATION OF AFFIDAVIT**

Now comes Defendant Focus Receivables Management, LLC ("Focus") and hereby submits its response to Plaintiff's notice of filing of declaration of affidavit (Doc. 12) and states as follows:

1. Plaintiff filed his notice of filing of declaration of affidavit (Doc. 12) ("Declaration") on December 15, 2014.

2. It is difficult, if not impossible, to determine why Plaintiff filed the Declaration or what it is filed in relationship to, however, it appears to be an improper surreply filed without leave of this Court. Therefore, this Court should strike Plaintiff's Declaration.

3. Even if this Court were to consider Plaintiff's Declaration in conjunction with Focus' pending dispositive motion (Docs. 7 & 8), the proper result remains the granting of Focus' dispositive motion.

4. Plaintiff's Declaration confirms that Plaintiff continues to remain under the mistaken belief that Focus had to be a creditor of Plaintiff in order to obtain his credit report.

5. As explained in detail in Focus' dispositive motion (Docs. 7 and 8), Bank of America requested Focus to collect a debt from Plaintiff.

6. Therefore, Focus had a permissible purpose to obtain Plaintiff's credit report because it "intend[ed] to use the information in connection with a … review or collection of an account of, the consumer[.]"15 U.S.C. § 1681b(a)(3)(A). *See also Korotki v. Attorney Servs. Corp.*, 931 F.Supp. 1269, 1276 (D.Md.1996), *aff'd*, 131 F.3d 135 (Table), 1997 WL 753322 (4th Cir.1997), *cert. denied*, 523 U.S. 1118 (1998) (collection is a permissible purpose); *Shelton v. Focus Financial Systems Inc.*, No. 3:13–cv–903, 2013 WL 2239132, *3 (N.D.Ohio 2013)("Under § 1681b(a)(3)(A), a party is permitted to obtain an individual's credit information in connection with the collection of a debt.").

7. Moreover, under 15 U.S.C. § 1681b(A)(3)(a) of the FCRA, Focus was allowed to access Plaintiff's credit report with respect to a debt placed for collection regardless of whether he had any dealings with Focus or consented to Focus obtaining his credit information. "[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Services Corp. Inc.*, 931 F.Supp. 1269, 1276; see also *Hinton v. Trans Union, LLC*, 654 F.Supp.2d 440, 449 (E.D.Va.2009) (consumer's consent is not a prerequisite to obtaining a credit report); *Pyle v. First Nat. Collection Bureau*, No. 1:12–cv–00288, 2012 WL 5464357, *4 (E.D.Cal. 2012)(Plaintiff's "allegation that he 'never at anytime had any business dealing or accounts with the Defendant' does not establish that Defendant's activities were impermissible."); *Miller v. Rubin & Rothman, LLC*, No. 10-2198, 2011 WL 4359977, *3 (D.Minn. Sep 19, 2011); *Beckstrom v. Direct Merchant's Credit Card Bank*, No. 04-1351, 2005 WL 1869107, *3 (D.Minn. Aug. 05, 2005).

8. Plaintiff's Declaration confirms that Plaintiff misunderstands the Fair Credit Reporting Act and fails to change the analysis regarding Focus' dispositive motion (Docs. 7 & 8).

WHEREFORE, Focus Receivables Management, LLC respectfully requests this Court either strike Plaintiff's notice of filing of declaration of affidavit (Doc. 12) or, in the alternative, find that Plaintiff has failed to state a claim for which relief may be granted, and that there are no genuine issues of material fact, Focus is entitled to judgment as a matter of law, and construing the evidence in a light most favorable to the Plaintiff, reasonable minds could reach but one conclusion, which is adverse to Plaintiff, and dismiss this action with prejudice and for such other and further relief as the Court may deem just, proper and equitable.

Respectfully Submitted,

/s/ Paul Croker
Paul Croker MO #57000
Wallace Saunders
10111 West 87th Street
Overland Park, KS 66212
pcroker@wallaceSaunders.com
913-888-1000 (telephone)
913-888-1065 (facsimile)

*Attorneys for Defendant*
*Focus Receivables Management, LLC*

101371658 v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system, at the address of counsel noted below. Parties may access this filing through the court's system. A true copy was also sent via ordinary U.S. Mail, postage prepaid this 17th day of December, 2014 to:

El Bey Oaxaco
2020 Cleveland Avenue
Kansas City, MO  64127

                                                 /s/ Paul Croker
                                                 Paul M. Croker

101371658 v.1