# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

El Bey Oaxaco,

     Plaintiff,

v.

Focus Receivables Management, LLC,

     Defendant.

Case No.  4:14-cv-00825 ODS

---

## DEFENDANT FOCUS RECEIVABLES' MANAGEMENT, LLC'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENED COMPLAINT

Now comes Defendant Focus Receivables Management, LLC ("Focus") and hereby submits its suggestions in opposition to Plaintiff's motion for leave to file an amended complaint (Doc. 11) and states as follows:

1.  Plaintiff filed his motion for leave to file an amended complaint (Doc. 11) on December 1, 2014.

2.  Plaintiff fails to state a valid basis warranting leave to amend his complaint and also fails to provide this Court with any indication that the amended complaint would cure the fatal deficiencies in his complaint.

3.  In addition, Plaintiff failed to attach a proposed amended complaint to his motion for leave (Doc. 11).

4.  It follows that this Court should deny Plaintiff's motion for leave (Doc. 11) as futile and because Plaintiff has failed to properly provide this Court with the proposed amended complaint.

5.  "A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 15(a); however, **it may properly deny a party's motion to amend its**

**complaint when such amendment… would be futile.”** *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (emphasis added) *citing Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir.2003).

6.   The 8th Circuit has also held that, “…granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate. *Id. citing Wolgin v. Simon,* 722 F.2d 389, 394 (8th Cir.1983).

7.   Plaintiff has failed to identify any new or additional facts in the motion for leave. Further, Plaintiff fails to speak with certainty as his motion for leave refers to actions “possibly” taken by Focus. (Doc. 11, Paragraph 2).

8.   Moreover, Plaintiff fails to identify any fact that establishes Focus did not have a permissible purpose under 15 USC 1681b(a)(3)(A) to obtain his credit report when acting as a third-party collection agency with respect to their efforts to collect on a home equity loan on behalf Bank of America or that Focus violated any other law.

9.   Plaintiff's proposed amended complaint will not avoid entry of judgment on the pleadings or summary judgment in favor of Focus pursuant to their pending dispositive motion (Docs. 7 & 8), to which Plaintiff provided a wholly inadequate response.

10. Based on a wealth of case law and the affidavit of their Chief Compliance Officer, Focus explains in its dispositive motion (Docs. 7 & 8) that Focus had a permissible purpose to obtain Plaintiff's credit report because it “intend[ed] to use the information in connection with a … review or collection of an account of, the consumer[.]”15 U.S.C. § 1681b(a)(3)(A).  *See also Korotki v. Attorney Servs. Corp.*, 931 F.Supp. 1269, 1276 (D.Md.1996), *aff'd*, 131 F.3d 135 (Table), 1997 WL 753322 (4th Cir.1997), *cert. denied*, 523 U.S. 1118 (1998) (collection is a permissible purpose); *Shelton v. Focus Financial Systems Inc*., No. 3:13–cv–903, 2013 WL

2239132, *3 (N.D.Ohio 2013)("Under § 1681b(a)(3)(A), a party is permitted to obtain an individual's credit information in connection with the collection of a debt.");

11. Under 15 U.S.C. § 1681b(A)(3)(a) of the FCRA, Focus was allowed to access Plaintiff's credit report with respect to a debt placed for collection regardless of whether he had any dealings with Focus or consented to Focus obtaining his credit information. "[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Services Corp. Inc.*, 931 F.Supp. 1269, 1276; see also *Hinton v. Trans Union, LLC*, 654 F.Supp.2d 440, 449 (E.D.Va.2009) (consumer's consent is not a prerequisite to obtaining a credit report); *Pyle v. First Nat. Collection Bureau*, No. 1:12–cv–00288, 2012 WL 5464357, *4 (E.D.Cal. 2012)(Plaintiff's "allegation that he 'never at anytime had any business dealing or accounts with the Defendant' does not establish that Defendant's activities were impermissible."); *Miller v. Rubin & Rothman, LLC*, No. 10-2198, 2011 WL 4359977, *3 (D.Minn. Sep 19, 2011); *Beckstrom v. Direct Merchant's Credit Card Bank*, No. 04-1351, 2005 WL 1869107, *3 (D.Minn. Aug. 05, 2005).

12. As explained in more detail in Focus' dispositive motion (Docs. 7 & 8), Bank of America requested Focus to collect a debt from Plaintiff and, therefore, a permissible purpose existed to obtain Plaintiff's credit report. As a result, all of the violations of law alleged by Plaintiff fail because his credit report was properly obtained by Plaintiff.

13. Accordingly, it would be futile for this Court to grant Plaintiff leave to amend his complaint and, therefore, this Court should deny Plaintiff's motion for leave (Doc. 11).

101371625 v.1

WHEREFORE, Focus Receivables Management, LLC respectfully requests this Court deny Plaintiff's motion for leave to file an amended complaint (Doc. 11) and for such other and further relief as the Court may deem just, proper and equitable.

Respectfully Submitted,

/s/ Paul Croker
Paul Croker MO #57000
Wallace Saunders
10111 West 87th Street
Overland Park, KS 66212
pcroker@wallaceSaunders.com
913-888-1000 (telephone)
913-888-1065 (facsimile)

*Attorneys for Defendant*
*Focus Receivables Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system, at the address of counsel noted below. Parties may access this filing through the court's system. A true copy was also sent via ordinary U.S. Mail, postage prepaid this 17th day of December, 2014 to:

El Bey Oaxaco
2020 Cleveland Avenue
Kansas City, MO  64127

/s/ Paul Croker
Paul M. Croker

101371625 v.1