IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OAXACO EL BEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FOCUS RECEIVABLES )<br>MANAGEMENT, LLC, )<br>)<br>Defendant. ) | Case No. 14-0825-CV-W-ODS |

## ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND (2) EXTENDING DEADLINE FOR DEFENDANT TO FILE JOINT PROPOSED SCHEDULING AND TRIAL ORDER

Plaintiff, proceeding pro se, initiated this suit in Small Claims Court in Jackson County, asserting claims under the Fair Credit Reporting Act ("FCRA") and the Missouri Merchandising Practices Act ("MMPA"). Defendant removed the case to federal court, then filed a Motion for Judgment on the Pleadings or for Summary Judgment. In addition to responding to Defendant's Motion, Plaintiff filed a Motion for Leave to File an Amended Complaint. Meanwhile, on September 19 the Court issued an Order directing Defendant to take the lead in conducting a Rule 16 conference and to file a Joint Proposed Scheduling Order by December 12; this did not happen.

I.

While Plaintiff seeks leave to file an Amended Complaint, he has not supplied the Amended Complaint he wishes to file. As required by the Federal Rules of Civil Procedure (and over Defendant's opposition) the Court will "freely give leave" to amend the Complaint, particularly given that discovery has (apparently, given the non-occurrence of a Rule 16 conference) not even started. Plaintiff has fourteen days to file

an Amended Complaint. Nonetheless, the parties may benefit from the Court's views on Defendant's motion.

II.

Plaintiff's pro se Complaint alleges Defendant conducted an inquiry on his credit report. Complaint, ¶ 5. He further alleges Defendant did not have a purpose for doing so that is permitted by the FCRA. Complaint, ¶¶ 11-14. Plaintiff also alleges Defendant is a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), Complaint, ¶ 3, but does not assert any claims arising under the FDCPA. The Complaint asserts Defendant violated the FCRA and the MMPA when it conducted the unauthorized inquiry of his credit report.

A motion for judgment on the pleadings is examined under the same standard as a motion to dismiss for failure to state a claim. The Complaint must be reviewed in the light most favorable to Plaintiff and the Court must determine whether the Complaint contains sufficient factual assertions that would state a plausible claim. In other words, the Complaint's factual assertions must allow the Court to draw a reasonable inference that Defendant is liable for the misconduct described. Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Finally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted); see also Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006).

Defendant raises several arguments as to why it is entitled to judgment on the MMPA claim; the Court finds it necessary to consider only one. The MMPA applies to certain misconduct occurring "in connection with the sale or advertisement of any merchandise." Mo. Rev. Stat. § 407.010.1. Thus, one of the elements of the MMPA is the existence of some sort of transaction between the plaintiff and the defendant. E.g., Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 415 n.3 (Mo. 2014) (en banc) (citing

2

Ward v. West County Motor Co., Inc., 403 S.W.3d 82, 84 (Mo. 2013) (en banc)); Owen v. General Motors Corp., 533 F.3d 913, 922 (8th Cir. 2008). The Complaint does not allege Plaintiff engaged in a transaction with Defendant. To the contrary, the Complaint *denies* Plaintiff ever engaged in a transaction with Defendant. Complaint, ¶ 13. Indeed, the non-existence of a prior transaction forms the basis for Plaintiff's claim that Defendant lacked a permissible basis for examining his credit report. Defendant is entitled to judgment on the pleadings because the Complaint conclusively demonstrates Plaintiff cannot establish one of the necessary elements for his MMPA claim.

Defendant argues it is also entitled to judgment on the FCRA claim because it had a permissible purpose for examining Plaintiff's credit report. To establish this point, Defendant relies on an affidavit it submitted in support of its motion – an act Defendant concedes requires converting its Motion for Judgment on the Pleadings into a Motion for Summary Judgment. Defendant's Suggestions in Support (Doc. # 8) at 6-7; see also Fed. R. Civ. P. 12(d). Plaintiff counters that he wishes to conduct discovery on the matter and invokes Rule 56(d). Defendant relies on its affidavit to suggest discovery is not necessary – which is true from Defendant's perspective. After all, if the affiant is correct Defendant prevails – but therein lies the problem. Plaintiff is entitled to conduct discovery on relevant factual matters, and the Court cannot simply short circuit his opportunity by crediting Defendant's view of the facts. Discovery has not commenced, so judgment based on purely factual matters is premature. Therefore, the Court denies Defendant's request for judgment (be it judgment on the pleadings or summary judgment) with respect to the FCRA claim.

The Court also rejects Defendant's argument that Plaintiff has not sufficiently pleaded facts supporting a basis for punitive damages. Defendant argues Plaintiff has not alleged any facts about Defendant's state of mind, but given (1) Plaintiff's pro se status and (2) the nature of the "facts" to be alleged, the Court concludes Plaintiff has adequately pleaded that Defendant acted recklessly in failing to ascertain whether it had a valid reason for examining Plaintiff's credit report.[1]

---

[1] Defendant also argues Plaintiff has failed to state a claim under section 507.223 of the Revised Missouri Statutes. The Court declines to address these arguments because Plaintiff has not asserted a claim under section 507.223.

3

## III.

As noted on Page 1 of this Order, Defendant was directed to take the lead in the scheduling and conducting of the Rule 16 conference and file a Joint Proposed Scheduling and Trial Order by December 12. The filing of motions does not toll this requirement, and there is no Order from the Court excusing or extending this deadline. The Court will extend the deadline *sua sponte*; Defendant will take the steps necessary to have a conference with Plaintiff and file the Joint Proposed Scheduling and Trial Order on or before January 20, 2015.

## IV.

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 11) is granted, and Plaintiff shall have fourteen days to submit his Amended Complaint for filing. Defendant's Motion for Judgment on the Pleadings or for Summary Judgment (Doc. # 7) is granted to the extent it seeks dismissal of Plaintiff's claim for violation of the Missouri Merchandising Practices Act but is denied in all other respects. The deadline for filing a Joint Proposed Scheduling and Trial Order is extended to January 20, 2015.

IT IS SO ORDERED.

DATE: December 18, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT